IN RICHMOND SUPERIOR COURT, JUNE TERM, 1831.

BEERS, BOOTHE and ST. JOHN *vs.* THOMAS CROWELL.

*Verdict for plaintiffs, and motion for new trial.*

Treasury checks are neither goods wares or mer-

THE action is to recover damages for the breach of a contract, by which the defendant agreed to transfer to the plain-

RICHMOND, June, 1831.

BEERS and Others
v.
CROWELL.

tiffs within a limited time two United States Treasury checks on the Bank of the United States payable at Charleston, and to receive therefor notes of the Banks of the United States, and current notes of the Bank of Georgia in the proportion agreed on, and in amount equal to the checks.

The contract was fully proved as was the offer of the plaintiffs to comply with their part of it, and the refusal of the defendant; and the evidence showed considerable trouble and loss to have been incurred by the plaintiffs in their efforts to perform the contract, while it presented no circumstance of excuse for the defendant, who rested his defence entirely on the statute of Frauds, by the 17th section of which he contended that the contract was void.

Upon this single point the case turns; and the plaintiffs deny the contract to be within the statute. 1st. Because treasury checks are neither goods, wares nor merchandize within the meaning of the statute, and 2d. Because the contract is one of exchange and not of sale.

No case is shown, and it is believed none exists, in which bills of exchange, promissory notes or Bank checks have been adjudged either goods wares or merchandize within the meaning of the statute. In the case of Colt v. Netterville, 2 P. Wms. 307. the Lord Chancellor King refused to determine upon demurrer, whether shares in a joint stock company were comprehended under the words 'goods, wares and merchandize,' the judges of England having been divided, six and six upon this question. Pickering v. Appleby, Com. Rep. 354. And in a note to Weightman v. Caldwell, 4 Wheaton 89. in which the authorities upon the 17th sec. of the statute of frauds are collected, it is said this point appears never to have been settled: though there are some cases in Equity in which the court expressed an opinion that a sale of stocks was within the statute. Prec. Chan. 533.

If then there be a doubt whether stocks, forming so large and valuable a part of the personal property of the country as they do, and subject as they are to such frequent contracts and transfers, be within the statute, there can be, it should seem, little doubt but that bills, notes and checks which are mere securities, evidences of debt and choses in action are not included. They are certainly neither wares nor merchandize, and if included at all, it must be under the word 'goods' a term of very general signification, but which must be limited according to the use made of it and the subject to which it is applied. In the civil law it is a term that embraces all things over which a man may exercise private dominion, divided into goods movable and immovable. This cannot be the sense attached to the word in the statute, for other sections of it treat of immovables, this alone of movables. Nor can it be designed to include every class of movables, for wares and merchandize are expressly mentioned, which

chandize, within the meaning of the 17th sec. of the Statute of Frauds:

And a motion to set aside a verdict and order a new trial on the ground that such checks were within the statute, was refused.

RICHMOND,
June, 1831.

BEERS and
Others,
*v.*
CROWELL.

latter embrace every thing usually rendered in commerce : Besides, it seems limited to such things as are transferable by simple delivery. It is then a fair construction of the statute to limit the meaning of the word 'goods' to such personal property, other than wares and merchandize as are usually transferred by sale and delivery ; and whatever else may be included, not to extend it to a chose in action, a right or authority to demand or receive money, a security or the evidence of debt.

It being the opinion of the court that the subject of this contract is not within the statute, it becomes unnecessary to consider the other point. But if there be any doubt upon the points of law raised in the case, the facts of it are so strong against the defendant, the court would not disturb the verdict. The motion is refused.